UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA

v.  Docket No. 2:12cr106-001

WILLARD PERRY, III,  Sentence date: March 18, 2013

    Defendant.

POSITION OF DEFENDANT WITH RESPECT TO SENTENCING FACTORS

    Now comes the Defendant WILLARD PERRY, III, by his attorney Tyrone C. Johnson, and states that he has reviewed the Presentence Report prepared by the Probation Office pursuant to § 6A1.2 of the Sentencing Guidelines and Policy Statements. In accordance with Rule 32 of the Federal Rules of Criminal Procedure, Defendant represents his position as follows:

    1. Defendant agrees with the assertion in Paragraph 17 that there is no information to suggest that the offense involved a vulnerable victim, an official victim, or a restrained victim. Defendant agrees with the assertion in Paragraph 19 that there is no information to suggest that the Defendant impeded or obstructed justice, or that there was any flight from a law enforcement officer which recklessly endangered another person. Defendant agrees with the assertion in Paragraph 42 that he does not qualify for a sentence enhancement under the Career Offender, Criminal Livelihood, Armed Career Criminal, or Repeat and Dangerous Sex Offender sections of the Sentencing Guidelines. Defendant agrees with assertion in Paragraph 68 of the Presentence Investigation Report that he has a negative net worth of -$6,772.09, no liquid assets, and no monthly income, and thus is not capable of paying the minimum fine immediately, nor is he able to pay an

1

additional fine in an amount sufficient to pay the cost of any periods of imprisonment or supervision or interest on any fine. Defendant agrees with the assertion in Paragraph 22 that there is no evidence of any juvenile offense history for this Defendant. Defendant agrees with the assertion in Worksheet D that this is a Zone D offense which shall be satisfied by a sentence of imprisonment.

    2. Defendant agrees with the assertion in Paragraph 20 that there should be a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, since, among other things, Defendant pled guilty on November 19, 2012, pursuant to a plea agreement, to one count of Conspiracy to Distribute and Possess with Intent to Distribute 280 Grams or More of Cocaine Base and 500 Grams or More of Cocaine, under 21 U.S.C. § 846 and 21.U.S.C. § 841(a)(1), (b)(1)(A) and (B). According to Paragraph 14 of the Presentence Investigation Report, Defendant turned himself in to federal authorities on July 17, 2012. According to Paragraph 20 of the Presentence Investigation Report, Defendant expressed remorse for his participation in the offense. Defendant agreed to the statement of facts detailing the instant offense set forth in Paragraph 9 of the Presentence Investigation Report, and. If the defendant "clearly demonstrates" acceptance of responsibility for "his offense," the court is to decrease the offense level by two levels pursuant to U.S.S.G. § 3E1.1(a).

    3. Defendant agrees with the assertion in Paragraph 21 that there should be an additional one-level reduction for assistance to the Government by timely notification of intent to enter a guilty plea and, as such, qualifies for an additional one-level reduction under U.S.S.G. § 3E1.1(b).

4. Defendant disagrees with the assertion in Paragraph 78 and Worksheet C that Defendant qualifies for 10 Criminal History Points and that the Criminal History Category is V. If the point assigned for the capias and PPO violation are subtracted, the Total Criminal History Points are 8, and the Criminal History Category is IV.

5. Defendant disagrees with the assertion in Paragraph 18 that Defendant's Role in the Offense qualifies for a three-level increase pursuant to U.S.S.G. § 3B1.1(b), as a person who directed the activities of at least one other participant in a conspiracy involving five or more participants. Defendant submits that he was not an organizer, leader, manager, or supervisor in any criminal activity, nor did he exercise management responsibility over the property, assets, or activities of a criminal organization. Moreover, according to Application Note 4, the adjustment does not apply to a defendant who merely suggests committing the offense.

6. Defendant disagrees with the assertion in Paragraph 77, Worksheet A, and Worksheet D that the Total Offense Level is 34. Defendant submits that the Total Offense Level should be 31, pursuant to U.S.S.G. § 2D1.1(c)(3). With a base offense level of 34 for Conspiracy to Distribute and Possess with Intent to Distribute 280 Grams or More of Cocaine Base and 500 Grams or More of Cocaine, under 21 U.S.C. § 846 and 21.U.S.C. § 841(a)(1), (b)(1)(A) and (B), and a 2-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, and a further 1-level reduction for assisting the Government by timely notification of intent to enter a guilty plea under U.S.S.G. § 3E1.1(a), the total offense level should be 31. Since Defendant disagrees with the assertion in Paragraph 70 that the Total Offense Level is 34, Defendant also disagrees with the assertion in Paragraph 79 and Worksheet D that the guideline range for

3

incarceration is 235 to 293 months, or the assertion in Paragraph 82 that the guideline range for a fine is $17,500 to $10,000,000. Rather, Defendant submits that the correct Total Offense Level is 31, which for a Category V offender calls for a guideline range for incarceration of 168 to 210 months, and a guideline range for a fine of $15,000 to $150,000. This is a Zone D offense, which means that the minimum term shall be satisfied by a sentence of imprisonment, (see U.S.S.G. § 5C1.1(1)(f).

    7. Defendant submits, moreover, that there is a mitigating circumstance is present in this case which is "of a kind, or to a degree, not been taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b). A district court must "impose a sentence of the kind, and within the range" resulting from a proper application of the guidelines "unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C.A. § 3553(b); U.S.S.G. § 5K2.0 (policy statement). In analyzing the consideration given by the Commission to a potential ground for departure, "a sentencing court must focus on whether the factor is taken into account by the guidelines, policy statements, or commentary and whether it is encompassed within the heartland of situations to which the applicable guideline was intended to apply." United States v. Barber, 119 F.3d 276, 280 (4th Cir. 1997)(en banc). The heartland, crucial to a proper analysis, is defined as "a set of typical cases embodying the conduct that each guideline describes." U.S.S.G. Ch.1, Pt. A, intro. comment. 4(b). In deciding whether a factor is an appropriate ground for departure, a sentencing court must ascertain whether the factor is forbidden, encouraged, discouraged, or unmentioned

4

by the Sentencing Commission as a ground for departure. See Koon v. United States, 518 U.S. 81, 94-95 (1996); see also United States v. Barber, 119 F.3d 276, 280 (4th Cir. 1997)(en banc). If the factor is encouraged, "the court is authorized to depart if the applicable Guideline does not already take it into account." Koon, 518 U.S. at 96; see also United States v. LeRose, 219 F.3d 335, 339 (4th Cir. 2000).

    8. According to Paragraph 63 of the Presentence Investigation Report, Defendant was steadily employed between 2002 and 2008 as a journeyman pipefitter for Hampton Roads Mechanical in Chesapeake and earned $23 an hour before being laid off in 2008 due to the slow-down in the economy. According to Paragraphs 48 and 49, Defendant paid child support of $443.30 per month to his daughter, Jada, prior to being laid off from his job, and Jada's mother, Kenya N. Oglesby indicated that she considered Perry "to be a good parent who provides assistance when asked" and that Perry "spoke to their daughter on the phone at least every other day."

    9. The code section governing imposition of a sentence, 18 U.S.C. § 3553(a), requires a court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider —

    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2) the need for the sentence imposed —

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner….

18 U.S.C. § 3553.

10. Given the mitigating circumstance that Defendant was a skilled journeyman pipefitter who was steadily employed for six years until the downturn in the economy in 2008 and who regularly child support to his daughter prior to being laid off and strove to be a good father to his daughter, defense counsel submits that a variance or downward departure from the low end of the sentencing range for an offense with a Total Offense Level of 31 (168 to 210 months) is appropriate and sufficient to satisfy the purposes set forth in Paragraph 2 of 18 U.S.C. § 3553(a).

                                            Respectfully submitted,

                                            WILLARD PERRY

                                            By _____/s/_____
                                                 Tyrone C. Johnson

Counsel for Defendant:

Tyrone C. Johnson, Esq.
Virginia State Bar number 65594
Attorney for Willard Perry
555-D Settlers Landing Road
Hampton, Virginia 23669
Office: (757) 265-2666
Facsimile: (757) 265-2646
tesquirej@cox.net

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of March, 2013 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

> Darryl J. Mitchell
> Assistant United States Attorney
> Virginia State Bar No. 37411
> Attorney for the United States
> United States Attorney's Office
> World Trade Center, Suite 8000
> 101 W. Main Street
> Norfolk, VA 23510
> (757) 441-6331 Office
> (757) 441-6689 Fax
> darryl.mitchell@usdoj.gov

> By _____/s/_____
> Tyrone C. Johnson
> Virginia State Bar number 65594
> Attorney for Willard Perry
> 555-D Settlers Landing Road
> Hampton, Virginia 23669
> Office: (757) 265-2666
> Facsimile: (757) 265-2646
> tesquirej@cox.net

And I hereby certify that I have mailed the document by U.S. mail to the following non-filing user:

> Jason D. Cole
> U.S. Probation Officer
> 600 Granby Street, Suite 200
> Norfolk, VA 23510

> By _____/s/_____
> Tyrone C. Johnson
> Virginia State Bar number 65594
> Attorney for Willard Perry
> 555-D Settlers Landing Road
> Hampton, Virginia 23669
> Office: (757) 265-2666
> Facsimile: (757) 265-2646
> tesquirej@cox.net

7